O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN L. RATTLER, ) | NO. ED CV 07-281-E |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| MICHAEL J. ASTRUE, COMMISSIONER ) | |
| OF SOCIAL SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**PROCEEDINGS**

Plaintiff filed a Complaint on March 20, 2007, seeking review of the Commissioner's denial of benefits. The parties filed a "Consent to Proceed Before a United States Magistrate Judge" on April 10, 2007.

Plaintiff filed a "Motion for Summary Judgment" on August 27, 2007. Defendant filed a "Cross-Motion for Summary Judgment" on September 24, 2007. The Court has taken both motions under submission without oral argument. See L.R. 7-15; "Order," filed March 22, 2007.

///

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff asserted disability based on orthopedic problems (Administrative Record ("A.R.") 12-232). An Administrative Law Judge ("ALJ") examined the medical record and heard testimony from Plaintiff and a vocational expert. Id. The ALJ also left the record open for a time following the hearing (A.R. 206, 232).

The ALJ found Plaintiff has severe degenerative joint disease of the knee, osteoarthritis, and degenerative disk disease of the lumbar spine (A.R. 15). The ALJ also found, however, that Plaintiff retains the residual functional capacity to perform a limited range of sedentary work (A.R. 18). The ALJ rejected the credibility of Plaintiff's contrary assertions, deeming those assertions inconsistent with Plaintiff's daily activities (A.R. 18-19). The ALJ relied on vocational expert testimony in concluding there exist jobs Plaintiff can perform (A.R. 20, 230-31). The Appeals Council denied review (A.R. 3-5).

**SUMMARY OF PLAINTIFF'S CONTENTIONS**

Plaintiff contends:

(1) The ALJ failed properly to develop the record;

(2) The ALJ erred in rejecting Plaintiff's testimony without giving sufficient reasons therefor;

///

(3) The hypothetical questioning of the vocational expert was incomplete.

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used proper legal standards. See Swanson v. Secretary, 763 F.2d 1061, 1064 (9th Cir. 1985). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted).

This Court "may not affirm [the Administration's] decision simply by isolating a specific quantum of supporting evidence, but must also consider evidence that detracts from [the Administration's] conclusion." Ray v. Bowen, 813 F.2d 914, 915 (9th Cir. 1987) (citation and quotations omitted). However, the Court cannot disturb findings supported by substantial evidence, even though there may exist other evidence supporting Plaintiff's claim. See Torske v. Richardson, 484 F.2d 59, 60 (9th Cir. 1973), cert. denied, 417 U.S. 933 (1974); Harvey v. Richardson, 451 F.2d 589, 590 (9th Cir. 1971).

**DISCUSSION**

After consideration of the record as a whole, Defendant's motion is granted and Plaintiff's motion is denied. The

1  Administration's findings are supported by substantial evidence and
2  are free from material[1] legal error.

3
4  **I.    Plaintiff Has Not Demonstrated a Material Failure to Develop**
5  **       the Record.**

6
7       During the hearing before the ALJ, Plaintiff said that the
8  medical record did not include some documents Plaintiff assertedly
9  sent to the ALJ shortly before the hearing. The ALJ agreed to keep
10 the record open after the hearing in the hope the documents could be
11 made a part of the record. It is uncertain whether the allegedly
12 missing documents ever were made a part of the record.[2]

13
14      Plaintiff has failed to demonstrate a material error with
15 respect to development of the record. The ALJ "has a special duty to
16 fully and fairly develop the record and to assure the claimant's
17 interests are considered," particularly where, as here, the claimant
18 was not represented at the administrative hearing. See Higbee v.
19 Sullivan, 975 F.2d 558, 561 (9th Cir. 1992); Brown v. Heckler, 713
20 F.2d 441, 443 (9th Cir. 1983). "[K]eeping the record open after the
21 hearing to allow supplementation of the record" constitutes one of the
22 ways in which an ALJ may discharge this duty. Tonapetyan v. Halter,

23
---

24   [1]   The harmless error rule applies to the review of
25 administrative decisions regarding disability. See Curry v.
   Sullivan, 925 F.2d 1127, 1129 (9th Cir. 1991); see also Batson v.
26 Commissioner, 359 F.3d 1190, 1196 (9th Cir. 2004); Tonapetyan v.
   Halter, 242 F.3d 1144, 1148 (9th Cir. 2001).
27
     [2]   Defendant suggests that Exhibit 9E, a part of the record
28 at A.R. 119-21, may constitute the allegedly missing documents.

4

242 F.3d 1144, 1150 (9th Cir. 2001); Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1999); Cunha v. Barnhart, 2003 WL 21033408 *8 (N.D. Cal. May 5, 2003). To place any greater obligation on the ALJ under the circumstances of this case would be tantamount to shifting the initial burden of proof from Plaintiff to the Administration. See Mayes v. Massanari, 276 F.3d 453, 459 (9th Cir. 2001).

Furthermore, "full" development of an administrative record always involves a matter of degree. One conceivably may argue in virtually every case that additional investigation or inquiry might have been useful. Under the circumstances of the present case, however, this Court is unable to conclude that the ALJ failed in any material respect to discharge his obligation fully and fairly to develop the record. Even now Plaintiff has failed to demonstrate any prejudice resulting from the failure to develop the record further with respect to the allegedly missing documents. Cf. Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005) ("an ALJ is required to recontact a doctor only if the doctor's report is ambiguous or insufficient for the ALJ to make a disability determination").

**II.   The ALJ Properly Rejected Plaintiff's Testimony Regarding the Alleged Extent of Plaintiff's Limitations.**

An ALJ's assessment of credibility is entitled to "great weight." Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985). The discounting of a claimant's testimony regarding subjective symptoms must be supported by specific, cogent findings. See Lester v. Chater, 81 F.3d 821, 834

(9th Cir. 1996); <u>Varney v. Secretary of Health and Human Serv.</u>, 846 F.2d 581, 584 (9th Cir. 1988) (citations omitted); <u>see also</u> <u>Smolen v. Chater</u>, 80 F.3d 1273, 1282-84 (9th Cir. 1996).[3] Here, the ALJ stated sufficient reasons for rejecting Plaintiff's testimony.

Plaintiff claims his orthopedic problems so limit him that he cannot work. Yet, as the ALJ emphasized, Plaintiff's daily activities convincingly belie Plaintiff's claimed inability to perform sedentary work (A.R. 18-19). Those daily activities include child care, cleaning, cooking, and going to the park for two hours each day to feed the homeless as part of a ministry (A.R. 223-27). The ALJ properly may consider evidence of actual functioning in evaluating credibility. <u>See</u> <u>Tidwell v. Apfel</u>, 161 F.3d 599, 601 (9th Cir. 1999) (household chores inconsistent with allegations of severe impairment); <u>Orteza v. Shalala</u>, 50 F.3d 748, 750 (9th Cir. 1995) ("[a]n ALJ is clearly allowed to consider the ability to perform household chores"); <u>Fair v. Bowen</u>, 885 F.2d 597, 603-04 (9th Cir. 1989) (daily activities relevant to excess symptom evaluation). The inconsistency between Plaintiff's claimed incapacity and Plaintiff's daily activities justifies the rejection of Plaintiff's credibility. <u>See</u> <u>Thomas v. Barnhart</u>, 278 F.3d 947, 958-59 (9th Cir. 2002) (inconsistency between

---

[3] In the absence of evidence of "malingering," some Ninth Circuit cases have applied the seemingly more rigorous "clear and convincing" standard. <u>See</u> <u>Connett v. Barnhart</u>, 340 F.3d 871, 873 (9th Cir. 2003); <u>Ballard v. Apfel</u>, 2000 WL 1899797 *2 n. 1 (C.D. Cal. Dec. 19, 2000) (collecting cases). In the present case, the ALJ's findings pass muster under either the "specific, cogent" standard or the "clear and convincing" standard, so any distinction between the two standards is academic. The Court also observes that the record arguably contains some evidence of "malingering" (A.R. 101).

the claimant's testimony and the claimant's conduct supported the rejection of the claimant's credibility); see also Burch v. Barnhart, 400 F.3d 676, 680-812 (9th Cir. 2005) (daily activities can constitute "clear and convincing reasons" for discounting a claimant's testimony); Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) (claimant's testimony regarding daily domestic activities undermined the credibility of her pain-related testimony); Morgan v. Commissioner, 169 F.3d 595, 600 (9th Cir. 1999) (evidence of claimant's ability to "fix meals, do laundry, work in the yard and occasionally care for his friend's child serve as evidence of [the claimant's] ability to work"); Verduzco v. Apfel, 188 F.3d 1087, 1090 (9th Cir. 1999) (inconsistencies between claimant's testimony and actions cited as a clear and convincing reason for rejecting the claimant's testimony).

Plaintiff complains that the ALJ's decision fails to mention the cane Plaintiff used at the hearing. No material error occurred. First, "there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed" before there can be a finding that a cane is medically required. Social Security Ruling 96-9p. Plaintiff provided no such documentation either before or after the hearing. Second, and most significantly, as discussed above, the ALJ inferred from Plaintiff's extensive daily activities that (cane or no cane) Plaintiff retains sufficient functional capacity to perform a limited range of sedentary work. The ALJ's inference was not unreasonable. See, e.g., Lamoureaux v. Apfel, 1999 WL 33657675 *6 (N.D. Iowa Jan. 9, 1999) ("there is no indication that

the use of a cane would prevent Lamoureaux from performing the minimal standing, walking and carrying requirements of sedentary work").[4]

### III. The Hypothetical Questioning of the Vocational Expert Was Not Materially Incomplete.

Plaintiff argues that the hypothetical question posed to the vocational expert was incomplete because the question did not mention a cane. Hypothetical questions posed to a vocational expert need not include all conceivable limitations that a favorable interpretation of the record might suggest to exist – only those limitations the ALJ finds to exist. See, e.g., Bayliss v. Barnhart, 427 F.3d 1211, 1217-18 (9th Cir. 2005); Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001); Magallanes v. Bowen, 881 F.2d 747, 756-57 (9th Cir. 1989); Martinez v. Heckler, 807 F.2d 771, 773-74 (9th Cir. 1986). Here, the hypothetical question posed to the vocational expert included all limitations the ALJ found to exist (A.R. 18, 230). Plaintiff failed to demonstrate, by medical documentation or otherwise, that his use of a cane actually entails any greater functional limitation than the limitations the ALJ found to exist.

///
///
///
///
///

---

[4] The Court assumes, arguendo, that Plaintiff implicitly claimed a need to use a cane, although Plaintiff never expressly so testified.

8

**CONCLUSION**

For all of the reasons discussed herein, Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  September 28, 2007.


                              _____/S/_____
                                     CHARLES F. EICK
                              UNITED STATES MAGISTRATE JUDGE